UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY OMAR BOYD,

    Petitioner,

v.                                    Case No.:    5:25-cv-44-SPC-PRL

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

**OPINION AND ORDER**

    Petitioner Courtney Omar Boyd, a federal prisoner at FCC Coleman, seeks a writ of habeas corpus directing the Bureau of Prisons (BOP) to release him immediately to a residential re-entry center or home confinement. Boyd, a Jamaican citizen, is subject to an immigration detainer lodged by the Department of Homeland Security. As a result of the detainer, the BOP has determined that Boyd is not eligible for placement in pre-release custody. For the reasons below, the Court agrees and dismisses Boyd's petition.

## I.    Background

    Boyd is serving a 300-month sentence for controlled substance and money laundering offenses imposed in the United States District Court for the Eastern District of Virginia. *See United States v. Boyd*, No. 4:06-cr-5, Doc. 375

(E.D. Va. Sept. 20, 2021). His projected release date is January 10, 2027.[1] Boyd is subject to an immigration detainer lodged against him by the Department of Homeland Security/Immigration and Customs Enforcement office on April 29, 2016.[2] (Doc. 1 at 16).

In his petition, Boyd contends he is eligible to have both Second Chance Act (SCA) and First Step Act (FSA) credits applied towards his placement in a halfway house or home confinement, and for relief requests that the Court order the warden of his institution to award him 12 months of SCA credit and direct his immediate transfer to a halfway house or home confinement. (Doc. 1). The BOP has responded in opposition, asserting that the petition should be dismissed due to Boyd's failure to exhaust administrative remedies or, alternatively, denied because Boyd lacks a liberty interest in his place of confinement and the Court is unable to provide the relief Boyd requests. (Doc.

---

[1] *See* Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/ inmateloc/ (last visited Jan. 13, 2026).

[2] "A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." 8 C.F.R. § 287.7(a). "The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible." *Id.*

11). Boyd replied (Doc. 12) and has filed supplemental papers (Docs. 8, 10, 13). This matter is ripe for review.

## II.     Legal Standard

### A.     Habeas Corpus

The fundamental purpose of a habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Conversely, a place-of-confinement claim is generally not cognizable in a habeas proceeding. Prerelease custody determinations are placement decisions committed to the discretion of the BOP. *See* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). "The decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). Congress delegated to the

BOP the authority to designate the place of a prisoner's custody and enumerated five factors to consider. 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.])".[3]

### B. The Second Chance Act (SCA) and the First Step Act (FSA)

The SCA authorizes the BOP to place a prisoner in a community correctional facility (also known as a Residential Reentry Center, RRC, or halfway house) or in home confinement to prepare for reentry into society prior to the expiration of the prisoner's term of custody. *See* Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, § 251 (amending 18 U.S.C. § 3624(c)). Generally, a prisoner is eligible to spend up to 12 months in prerelease custody at an RRC prior to the end of the sentence. 18 U.S.C. § 3624(c)(1). A prisoner is also eligible for a period of home confinement not to exceed "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

The FSA created a risk-and-needs assessment system under which prisoners could earn incentives, including time credits to be applied toward placement in prerelease custody and toward early placement on supervised

---

[3] Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

release, for successful participation in evidence-based recidivism-reduction programming or productive activities. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 101; see also 18 U.S.C. §§ 3624(g), 3632(d)(4). To this end, Congress expanded the time frame for release and prerelease custody by exempting FSA time credits from the time limits in subsections (b) and (c) of § 3624. 18 U.S.C. § 3624(g)(10). Subsection (b) limited early release to no more than "54 days for each year of the prisoner's sentence imposed by the court." 18 U.S.C. § 3624(b). The FSA expanded on this by authorizing an additional 12 months of time credits to be applied toward early release from prison toward a term of supervised release. 18 U.S.C. § 3624(g)(3). Subsection (c) limited placement in home confinement to 6 months and placement in an RRC to 12 months. 18 U.S.C. § 3624(c)(1) and (2). The FSA expanded on this by directing that time credits "be applied toward time in prerelease custody" without regard to the limit. 18 U.S.C. §§ 3624(g)(10), 3632(d)(4)(C). "But [§ 3624] contains no mandatory language that requires the BOP to allow a prisoner to serve any time whatsoever in confinement in a community corrections facility or on home confinement." Ramirez v. Warden, FCI La Tuna Camp, No. EP-24-CV-255, 2024 WL 4683318, at *4 (W.D. Tex. Nov. 5, 2024). Finally, 34 U.S.C. § 60541(a)(2) grants the BOP the discretion to offer a prisoner "the maximum allowable period in a community confinement facility"

and other "such other incentives" as are considered appropriate—but it does not permit the BOP to reduce a prisoner's term of imprisonment.

### C. Exhaustion of Administrative Remedies

Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Id.*

### III. Discussion

The substantive issues[4] presented in this case are "murky" and "hazy." *See Woolsey v. Warden*, No. 2:25-cv-137, 2025 WL 2598794, at *7 (M.D. Ala. Sept. 8, 2025) ("Determining what constitutes a challenge to the execution of a sentence—when its duration remains unchanged—is where things get murky."); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005) ("Still, the precise meaning of 'execution of the sentence' is hazy."). Although this Court recognizes that other courts have found it within their authority to direct the BOP to transfer a prisoner to home confinement, this Court finds

---

[4] The Court determines that skipping over the exhaustion issue is appropriate. *Santiago-Lugo*, 785 F.3d at 475.

that Boyd's petition presents a conditions-of-confinement issue not cognizable in a habeas proceeding.[5]

Courts generally lack the authority to direct the BOP to place a prisoner in prerelease custody. See Sills v. FCI Talladega Warden, No. 22-12656, 2023 WL 1775725, at *3 (11th Cir. Feb. 6, 2023) (district court lacked authority to order the BOP to place the prisoner in home confinement); Touizier v. U.S. Att'y Gen., No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (same). "Congress surely knew when it drafted the FSA that it had long ago granted the BOP broad discretion in designating where convicted individuals will serve out their sentences." Crowe v. Fed. Bureau of Prisons, No. 24-cv-3582, 2025 WL 1635392, at *23 (D.D.C. June 9, 2025) (citation omitted).

The *Woolsey* court recently stated that there does not appear to be "any on-point binding precedent supporting the argument that § 2241 does not confer jurisdiction for relief seeking placement in prerelease custody under the FSA." 2025 WL 2598794, at *8. "It does not appear that the Eleventh Circuit has specifically addressed what statutory vehicle should be used by a federal prisoner to challenge where a federal sentence should be served for purposes

---

[5] *See, e.g., Williams v. Warden, FCI Berlin*, 793 F. Supp. 3d 412, 416 (D.N.H. 2025) (ordering BOP to return inmate with immigration detainer to home confinement); *Martin v. Phillips*, No. 2:25-cv-687, 2025 WL 732829, at *7 (E.D. Cal. Mar. 7, 2025) (granting motion for temporary restraining order and ordering BOP to transfer inmate with unresolved immigration detainer back into prerelease custody).

of prerelease custody under the FSA." *Id.* It noted that the Fifth Circuit and courts in the Eighth Circuit have found there is no jurisdiction under § 2241 for claims seeking application of FSA credits to prerelease custody. *Id.* (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) and *Reaves v. Garrett*, No. 2:24-cv-177, 2025 WL 890147, at *2 (E.D. Ark. Mar. 21, 2025), *report and recommendation adopted*, 2025 WL 1118580 (E.D. Ark. Apr. 15, 2025). The *Woolsey* court then noted that at least three circuits—the First, Second, and Third—have held that habeas jurisdiction is proper under § 2241 for pre-FSA claims challenging denials of transfers to community confinement centers." *Id.* at *9 (citing *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015); *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); and *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005). The *Woolsey* court ultimately found the latter authority more persuasive, noting that placement in a community confinement is unique compared to general prison placement. *Id.* at *10.

Having considered the split in authority, the Court finds the opinions of the Fifth and Eighth Circuits more persuasive. If the Court were to grant Boyd his requested relief, he would not be released from custody sooner. Instead, he would simply serve the remainder of his term of imprisonment somewhere different—in home confinement or at an RRC, both of which are a form of prerelease custody. "Prerelease custody is part of a term of imprisonment." *Wessels v. Houden*, 2023 WL 7169154, at *1 (D. Minn. June

22, 2023) (citing § 3624(c) and collecting cases). Any relief the Court could grant would not secure release from illegal custody or shorten Boyd's term of imprisonment.[6]

The Court does not find the Eleventh Circuit's unpublished opinion in United States v. Saldana persuasive. 273 F. App'x 845 (11th Cir. 2008). Saldana involved prisoners seeking to have the district court lift a separation order so they could be confined in the same prison. The Eleventh Circuit stated that it "has considered an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241." Id. (citing Ledesma v. United States, 445 F.2d 1323, 1323–24 (5th Cir. 1971)). However, the Eleventh Circuit ultimately held that the district court lacked jurisdiction to consider their petitions because they were not confined in that district. Id. at *847. More persuasive is the more recent authority in Sills and Touzier, affirming district courts' determinations that they lacked authority to order inmates' placement in home confinement. See Touzier, 2021 WL 3829618, at *2 ("The main question we must determine in this appeal is whether the district court has the authority to order the BOP to return Touizer to home confinement. We hold that it does not."); Sills, 2023 WL 1775725, at *3 ("We

---

[6] Boyd has been afforded the application of 365 days of earned time credits to early transfer to supervised release under 18 U.S.C. § 3624(g)(3)—the maximum permissible amount. (Doc. 11 at 11–12; Doc. 11-1 at 2, 9).

conclude that the district court properly denied Sills's § 2241 petition. As Sills concedes, the court lacked the authority to order his placement in home confinement.").

Finally, there is generally no protected liberty interest in prerelease custody. *See Sills*, 2023 WL 1775725, at *3 (acknowledging Sills had no protected liberty interest in home confinement and thus was "not entitled to due-process-protections in relation to that decision."). Thus, Boyd has no constitutional right to apply earned credits in a specific manner. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

## IV. Conclusion

The Court determines that Boyd's claims ultimately relate to the conditions of his confinement, not the execution of his sentence, and are therefore not redressable through a habeas proceeding.[7]

Accordingly, it is now

**ORDERED:**

1. The petition (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

---

[7] Any arguments raised by Boyd not discussed herein are deemed meritless.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on January 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:  OCAP-2
Copies: All Parties of Record